MICHELE BECKWITH
Acting United States Attorney
JESSICA DELANEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DANIEL CHARTRAW,<br><br>                              Defendant. | CASE NO.  2:24-CR-00311 DC<br><br>STIPULATED REQUEST TO RESET HEARING AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE:<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on May 8, 2025, before Chief District Judge Troy Nunley with a time exclusion for effective preparation of counsel.

2.      On April 21, 2025, for purpose of equitable division and efficient and economical determination of court business, the case was reassigned to District Judge Dena M. Coggins.

3.      The parties jointly request that the status conference be reset for August 1, 2025, and request to exclude time between May 8, 2025, and August 1, 2025, at 9:30 a.m. in Courtroom 8 before the Honorable Dena Coggins, under Local Code T4 and 18 U.S.C. §3161(h)(7)(A) and (h)(7)(B)(iv).

4.      The parties agree and stipulate, and request that the Court find the following:

a)      Initial discovery produced by the government included over 4,500 pages of

discovery, including investigative reports, financial documentation, location tracing information, records of cryptocurrency transactions, and voluminous productions of digital data obtained from remote computing services.

b)      Since the initial production of discovery, the government has produced additional witness interview reports, records of email transactions, and additional information regarding financial tracing in the case.  The government has also represented that additional voluminous discovery exists to which the defendant is entitled pursuant to Rule 16(a)(E)(iii), and has offered to produce that on a hard drive provided by the defense counsel.

c)      Since the initial appearance, the government has located additional victims and produced corresponding evidence to the defense.  This evidence also changes initial computation of restitution.

d)      A continuance is requested because the defense needs additional time to review the voluminous discovery, to effectively prepare for trial, and to perform necessary research.

e)      Counsel for defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the request for a continuance, based upon the extensive production of discovery.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 8, 2025 to August 1, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 29, 2025                           MICHELE BECKWITH
                                                 Acting United States Attorney


                                                 /s/ JESSICA DELANEY
                                                 JESSICA DELANEY
                                                 Assistant United States Attorney

Dated:  April 29, 2025                           /s/ ANDREW FLIER
                                                 ANDREW FLIER
                                                 Counsel for Defendant
                                                 DANIEL CHARTRAW


## ORDER

The court has read and considered the parties' Stipulation.  Good cause appearing, the court ORDERS that the Status Conference set for May 8, 2025, before Chief District Judge Troy L. Nunley be VACATED and RESET for August 1, 2025, at 9:30 a.m. in Courtroom 8 before the Honorable Dena Coggins. The court hereby finds that the Stipulation, which the Court incorporates by reference into this Order, demonstrates facts that provide a basis to exclude time under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]. Time is excluded under the Speedy Trial Act between May 8, 2025, and August 1, 2025.



IT IS SO ORDERED.

Dated:   **April 30, 2025**

                                                 Dena Coggins
                                                 United States District Judge