ERIC GRANT
United States Attorney
JESSICA DELANEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHARTRAW,<br><br>Defendant. | CASE NO. 2:24-CR-311 DC<br><br>STIPULATION TO SET TRIAL AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 14, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. DENA COGGINS |

**STIPULATION**

1. By previous order, this matter was set for status on November 14, 2025.

2. By this stipulation, defendant and the United States jointly now move to set trial in the case for April 27, 2026, and to exclude time between November 14, 2025, and April 27, 2026, under Local Code T4.

3. The parties stipulate and request that the schedule be set as follows:

| | |
|---|---|
| Trial Commences: | April 27, 2026 |
| Trial Confirmation Hearing: | March 13, 2026 |
| Hearing on R. 12 Motions | February 13, 2026 |
| Reply | Jan 30, 2026 |
| Opposition to R. 12 Motions | January 23, 2026 |
| Rule 12 Motions Filed | January 9, 2026 |

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced over 4,500 pages of discovery associated with this case, which includes financial documentation, investigative reports, location tracing information, records of cryptocurrency transactions, and witness reports, in addition to voluminous productions of digital data obtained from remote computing services. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) In addition to the produced discovery, the government is also working on a forensic extraction of a relevant cell phone. Since the last update, the government has completed the filter protocol. The government has offered to produce the full cell phone extraction, as well as extensive email returns, to defense counsel on a hard drive provided by defense counsel.

    c) Counsel for the defendant has represented that the produced discovery consists of at least 6 large binders, in addition to the electronic evidence, and that he has not yet had an opportunity to complete his review of the produced discovery. Counsel for the defendant has represented that he is currently in trial, which has impacted his ability to review discovery. Counsel for the defendant has also represented that he is conducting his own investigation.

    d) Since the last status update, the time extended for consideration of the government's plea offer expired.

    e) Counsel for defendant desires additional time to review the discovery, conduct additional investigation, consider appropriate motions for filing and potential defenses, and to otherwise prepare for trial.

    f) Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 14, 2025 to April 27,

2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 5, 2025                                         Eric Grant
                                                                 United States Attorney


                                                                 /s/ JESSICA DELANEY
                                                                 JESSICA DELANEY
                                                                 Assistant United States Attorney



Dated:  November 5, 2025                                         /s/ ANDREW FLIER
                                                                 ANDREW FLIER
                                                                 Counsel for Defendant
                                                                 Daniel Chartraw

**FINDINGS AND ORDER**

The court, having received, read and considered the parties' Stipulation filed on November 5, 2025, and good cause appearing therefrom, APPROVES the parties' Stipulation. Accordingly, the Status Conference scheduled for November 14, 2025, is VACATED and the following trial schedule is set: a Trial Confirmation Hearing is SET for March 13, 2026 at 9:30 a.m., and a Jury Trial is SET for April 27, 2026 at 9:00 a.m. It is FURTHER ORDERED that Rule 12 Motions shall be filed no later than January 9, 2026, and be noticed for hearing on February 13, 2026 at 9:30 a.m., with oppositions to be filed by January 23, 2026, and replies to be filed by January 9, 2026. All hearings will be held in Courtroom 10 before the Honorable Dena M. Coggins. The time period between November 14, 2025 and April 27, 2026, inclusive, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:  **November 6, 2025**

_____
Dena Coggins
United States District Judge