ANDREW R. FLIER (SB No. 137372)
LEONARD B. LEVINE (SB No. 50998)
JEREMY M. BABICH (SB No. 327798)
Levine, Flier and Flier LLP
16133 Ventura Blvd., Suite 1140
Encino, CA 91436-2415
Email: andrew@flierandflier.com
Phone: (818) 990-9500 | Fax (818) 990-1303

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,  <br>  Plaintiff,  <br><br> v.  <br><br> DANIEL CHARTRAW,  <br>  Defendant. | CASE NO. 2:24-CR-311DC  <br><br> DATE: January 9, 2026  <br> TIME:  <br> COURT: The Honorable Dena Coggins |

**NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE, AND OBJECTIONS TO IMPROPER ISSUES, PURSUANT TO <u>FEDERAL RULE OF CRIMINAL PROCEDURE 12</u>**

TO THE COURT, THE ASSISTANT UNITED STATES ATTORNEY, JESSICA DELANEY:

PLEASE TAKE NOTICE that the Defendant, Daniel Chartraw, by and through his counsel, hereby moves this Court, pursuant to <u>Federal Rule of Criminal Procedure 12(b)</u>, the Federal Rules of Evidence, and the United States Constitution, for an order excluding certain

evidence and to preclude the Government from presenting improper, irrelevant, prejudicial, or unconstitutional issues at Mr. Chartraw's jury trial.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, any exhibits, the record and files in this case, and any oral argument the Court permits. This matter is set for hearing in Courtroom 10, with The Honorable District Judge Dena Coggins Presiding, in the Eastern District of California, Sacramento.

I.

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

"(a) Time to Serve a Responsive Pleading.

Unless another time is specified by a federal statute, the time for serving a responsive pleading is as follows:

(1) *In General*.
    a. A defendant must serve an answer:
        i. Within 21 days after being served with the summons and complaint; or
        ii. If it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.
    b. A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

      c. A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

  (2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity*. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

  (3) *United States Officers or Employees Sued in an Individual Capacity*. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

  (4) *Effect of a Motion*. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

      a. if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the Court's action; or

      b. if the Court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

  1. lack of subject-matter jurisdiction;

2. lack of personal jurisdiction;

3. improper venue;

4. insufficient process;

5. insufficient service of process;

6. failure to state a claim upon which relief can be granted; and

7. failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) Motion for Judgment on the Pleadings. After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings.

(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or

within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

>  (1) on its own; or

>  (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) *Joining Motions*.

>  (1) *Right to Join*. A motion under this rule may be joined with any other motion allowed by this rule.

>  (2) *Limitation on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h)*Waiving and Preserving Certain Defenses*.

>  (1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)-(5) by:

>>  (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

>>  (B) failing to either:

>>>  (i) make it by motion under this rule; or

    (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

 (2) *When to Raise Others*. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b) or to state a legal defense to a claim may be raised:

    (A) in any pleading allowed or ordered under Rule 7(a);

    (B) by a motion under Rule 12(c); or

    (C) at trial

 (3) *Lack of Subject-Matter Jurisdiction*. If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.

(i) Hearing Before Trial. If a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the Court orders a deferral until trial."

## II.

## INTRODUCTION

 Federal Rule of Criminal Procedure 12 permits the Court to resolve evidentiary and legal issues in advance of trial where doing so will promote judicial economy and protect a defendant's constitutional rights. Here, the government is expected to attempt to introduce evidence and argument that is irrelevant, unduly prejudicial, speculative, and/or constitutionally infirm. Absent exclusion, such material would improperly shift the jury's focus from admissible

evidence to conjecture and impermissible character inferences. Lastly, the introduction of these objectionable issues would deprive Mr. Chartraw of a fair trial and Due Process.

### III.

### LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3), motions to suppress evidence and to raise defects in the institution of the prosecution or the admissibility of evidence must be made prior to trial. Additionally, under the Federal Rules of Evidence, the Court must exclude evidence that is irrelevant, substantially more prejudicial than probative, constitutes improper character or propensity evidence, is unsupported opinion testimony, or constitutes inadmissible hearsay.

### IV.

### ARGUMENT

**A. Exclusion of Irrelevant and Prejudicial Evidence**

Any evidence that does not directly relate to the charged conduct, or that invites speculation rather than proof, must be excluded pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence.

**B. Exclusion of Improper Character or Propensity Evidence**

"Rule 404(b) prohibits using evidence of a previous crime to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. (Fed. R. Evid. 404(b)(1).) Such evidence is admissible, however, to prove "another purpose,

including "motive, opportunity, *intent*, preparation, plan, *knowledge*, identity, *absence of mistake, or lack of accident*." "Fed. R. Evid. 404(b)(2) (emphases added)." We have developed a four-part test to decide when a prior bad act is admissible: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." [*United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). The prior conviction satisfies all four prongs.]

The government may not introduce evidence of prior acts or alleged misconduct to prove conformity with criminal behavior. Any such evidence must be excluded absent strict compliance with Rule 404(b). Mr. Chartraw has some prior convictions. The defense would object to any testimony/documentation pertaining to any alleged prior convictions in the government's case in chief, and if Mr. Chartraw testifies.

## C. Exclusion of Hearsay and Confrontation Clause Violations

Out-of-court statements offered for the truth of the matter asserted are inadmissible unless an exception applies. Testimonial hearsay further violates the Confrontation Clause. Mr. Chartraw objects to any hearsay testimony or conclusions.

## D. Exclusion of Unreliable Opinion or Expert Testimony

Any opinion testimony lacking proper foundation, qualifications, or reliability must be excluded. Further, Expert testimony offering legal conclusions or invading the province of the jury is improper. Mr. Chartraw objects to any agent testifying to banking/marketing information.

**E. Jencks Materials**

The defendant, Mr. Chartraw, hereby requests that all <u>Jencks</u> (18 U.S.C. § 3500) material be provided. The defendant, Mr. Chartraw, requests that the United States produce this material in advance of trial to avoid delays during the trial. The defendant, Mr. Chartraw, also requests a separation of witnesses. Finally, any statements that are attributed to the defendant, Mr. Chartraw, <u>not</u> provably false and not material as a matter of law, should not be admissible.

**F. Exclusion of any statements attributed to Mr. Chartraw**

The defendant, Mr. Chartraw, hereby objects to any purported statements made by Mr. Chatraw in violation of his Fifth Amendment Rights and pursuant to the laws governing Miranda Warnings.

**V.**

**<u>CONCLUSION</u>**

For the foregoing reasons, defendant Daniel Chartraw, respectfully requests that this Court grant the instant motion and exclude the improper evidence and issues identified herein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of January, 2026, at Encino, California.

DATED: 1/8/2026                                    Respectfully Submitted,


                                              /s/ Andrew R. Flier
                                              ANDREW R. FLIER,
                                              Attorney for Defendant
                                              DANIEL CHARTRAW