Andrew R. Flier (SBN 137372)
Leonard B. Levine (SBN 50998)
Jeremy M. Babich (SBN 327798)
Levine, Flier and Flier, LLP
16133 Ventura Blvd., Suite 1140
Encino, CA 91436
Phone: 818-990-9500| Fax: 818-990-1303
Email: andrew@flierandflier.com

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No.: 2:24-CR-311DC |
| Plaintiff, | |
| vs. | |
| DANIEL CHARTRAW, | |
| Defendant | |

## <u>DANIEL CHARTRAW'S MOTION TO UNSEAL & DISCLOSE GRAND JURY TRANSCRIPTS</u>

Defendant, Daniel Chartraw, respectfully asks this Court to unseal and disclose grand jury transcripts pursuant to <u>Federal Rule of Criminal Procedure 6 (e)(3)(E)</u>.

DATED: January 5, 2026          <u>/s/ ANDREW REED FLIER,</u>
                                                              **ATTORNEY FOR DEFENDANT,**
                                                              **Daniel Chartraw**

1

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### <u>THE COURT HAS THE AUTHORITY TO ORDER DISCLOSURE OF THE GRAND JURY TRANSCRIPTS</u>

While Federal Rules of Criminal Procedure, <u>Rule 26.2</u> requires the disclosure of a witness's grand jury transcripts after that witness has testified at trial, <u>Rule 6(e)</u> governs the pretrial disclosure of such transcripts.

Rule 6(e)(3)(E) creates two circumstances under which the defense may have access to materials related to grand jury proceedings, including transcripts of testimony. [Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 2ll, 270 (1979).] First, the court may authorize disclosure--according to the time, manner, and conditions that it directs---of a grand jury matter "preliminary to or in connection with a judicial proceeding." <u>[Rule 6(e)(3)(E)(i).]</u> Second, the court may authorize disclosure of a grand jury matter at the request of a defendant who demonstrates that a ground may exist to dismiss the indictment due to misconduct before the grand jury. <u>Rule 6(e)(3)(E)(i).</u>

In Douglas Oil, the Supreme Court established a three-part for determining when a defendant has made a showing sufficient to obtain pretrial discovery of grand jury transcripts:

**Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the need for**

**disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. [*Id*. At 222.]**

## II.

## <u>CONCLUSION</u>

Defendant, Daniel Chartraw, has demonstrated a particular need for the requested unsealing and production of the Grand Jury transcripts to prevent an injustice. Therefore, Mr. Chartraw respectfully asks this Court to exercise its discretion by unsealing the Grand Jury transcripts and Order the Government to produce the same.

DATED: January 5, 2026                    Respectfully Submitted,


                                          <u>/s/ ANDREW REED FLIER,</u>
                                          **ATTORNEY FOR DEFENDANT,**
                                          **Daniel Chartraw**

## <u>DECLARATION OF ATTORNEY ANDREW REED FLIER</u>

I, Andrew Reed Flier Declare:

1. I am counsel for Mr. Chartraw. I submit this declaration in support of this Request to Unseal and Disclose Grand Jury Transcripts. [Jenks Material.]

2. Mr. Chartraw is charged in this Federal Indictment with twelve counts.

3. The Government's production of discovery has been substantial. Besides referencing that Mr. Chartraw committed fraud by deceit, there are no documents, records, tapes, or information that Mr. Chartraw had the <u>specific intent</u> to steal and falsely misrepresent.

4. <u>Rule 6(e)(ii)</u> allows disclosure of grand jury transcripts "preliminary to or in connection with a judicial proceeding." Mr. Chartraw is facing serious charges that can put Mr. Chartraw in federal prison. In order to properly prepare for Mr. Chartraw's trial, counsel needs the *jenks* material to understand the specific evidence facing Mr. Chartraw. The defense needs this material to properly impeach the government's evidence and case in chief. Further, to disclose the transcripts only after he witnesses/evidence are presented in Mr. Chartraw's trial will only delay these proceedings. Mr. Chartraw would then be requesting a continuance to properly review and prepare for responses/evidence.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed on this 5th day of January 2026, in the city of Encino, state of California.

DATED: January 5, 2026                    Respectfully Submitted,

                                          /s/ ANDREW REED FLIER,
                                          **ATTORNEY FOR DEFENDANT,**
                                          **Daniel Chartraw**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of January 2026, a copy of the foregoing was

electronically filed using CM/ECF System. A copy of the foregoing will then be served

on all parties of record via the Cm/ECF System.


<u>/s/ ANDREW REED FLIER,</u>
**ATTORNEY FOR DEFENDANT,**
**Daniel Chartraw**