ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>DANIEL CHARTRAW,<br><br>            Defendant. | CASE NO. 2:24-CR-0311-DC<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE |

   The United States respectfully submits its opposition to Defendant's motion to exclude irrelevant evidence. ECF 21. The court should deny Defendant's motion because Defendant fails to identify specific evidence he seeks to exclude or any legal argument as to why specific evidence should be excluded.

   Though Defendant cites to Rule 12 of the Federal Rules of Civil Procedure in his motion (ECF 21 at 2–6), these motions are controlled by Rule 12 of the Federal Rules of Criminal Procedure. Generally, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. Pro. 12(a). Such pretrial motions serve as "a procedural mechanism to limit in advance testimony or evidence in a particular area." *U.S.A. v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). In seeking to exclude evidence, "the movant has the burden of establishing that the evidence is not admissible for any purpose." *Angelo v. Thomson Int'l, Inc.*, No. 1:21-CV-01609-JLT-

1 CDB, 2024 WL 3202513, at *1 (E.D. Cal. June 27, 2024) (quoting *United States v. Wager*, 651 F. Supp. 3d 594, 598 (N.D.N.Y. 2023)).  To satisfy this burden, the movant must identify the evidence it seeks to exclude "and state with specificity why such evidence is inadmissible." *Id.* at *1 (quoting *Lewis*, 493 F. Supp. 3d at 861).  Defendant has not met his burden, and his motion should be denied.[1]

Here, Defendant has failed to identify any particular piece of evidence he seeks to exclude, nor argued "with specificity" why any such piece of evidence is inadmissible.  While Defendant mentions various rules governing evidence admissibility at trial, he does not link any of these rules to any particular piece of evidence that he seeks to exclude.  Therefore, he has not met his burden to show that any piece of evidence is excludable, and the court should therefore deny his motion.

In addition, "It is a fundamental rule that objections to the admissibility of evidence must be made in the trial court and must be specific, and that general objections . . . are insufficient." *Duncan v. United States*, 68 F.2d 136, 140 (9th Cir. 1933).  Defendant makes several generalized objections, including "to any testimony/documentation pertaining to any alleged prior convictions[,]" "any hearsay testimony or conclusions[,]" "any agent testifying to banking/marketing information[,]" and "any purported statements made by Mr. Chatraw . . . ." ECF 7–9.  These general objections provide an insufficient basis for the Court to rule, and the Court should deny Mr. Chatraw's attempt to raise objections without identifying specific evidence or testimony he believes to be inadmissible.

For the foregoing reasons, the United States respectfully requests this Court deny Defendant's motion to exclude evidence.

Dated:  January 21, 2026

ERIC GRANT
United States Attorney

By: /s/ *J. Douglas Harman*
J. DOUGLAS HARMAN
JESSICA DELANEY
Assistant United States Attorneys

---

[1] In addition to the other reasons stated herein, Defendant's motion was also untimely filed.  *See* ECF 20 (setting the filing deadline for Rule 12 motions for January 9, 2026).  A motion submitted after the deadline set by the court is untimely, unless the party shows good cause for the delay.  Fed. R. Crim. Pro. 12(c)(3).  Because defendant's motion is untimely and he has made no attempt to show good cause, the court should deny the motion without further consideration.  *See United States v. Bundy*, No. 2:16-CR-46-GMN-PAL, 2017 WL 4183462, at *2 (D. Nev. Sept. 20, 2017) (denying multiple dispositive motions for untimeliness).