ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>DANIEL CHARTRAW,<br><br>              Defendant. | CASE NO. 2:24-CR-0311-DC<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO UNSEAL |

The United States respectfully submits its opposition to Defendant's motion to unseal. ECF 22. The Court should deny Defendant's motion because he has identified no particularized need for any grand jury transcripts.[1]

Defendant has not demonstrated that unsealing of grand jury testimony is warranted in this case. Criminal defendants must demonstrate a "particularized need" for the transcripts in question which "outweighs the policy of secrecy." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). In analyzing whether to grant disclosure based on a defendant's showing of particularized need, the court

---

[1] In addition to the other reasons stated herein, Defendant's motion was also untimely filed. *See* ECF 20 (setting the filing deadline for Rule 12 motions for January 9, 2026). A motion submitted after the deadline set by the court is untimely, unless the party shows good cause for the delay. Fed. R. Crim. Pro. 12(c)(3). Because defendant's motion is untimely and he has made no attempt to show good cause, the court should deny the motion without further consideration. *See United States v. Bundy*, No. 2:16-CR-46-GMN-PAL, 2017 WL 4183462, at *2 (D. Nev. Sept. 20, 2017) (denying multiple dispositive motions for untimeliness).

must decide "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995), *opinion withdrawn in part on reh'g*, 116 F.3d 840 (9th Cir. 1997) (quoting *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991)).  A defendant must allege facts in support of their request, because purely speculative requests for unsealing will be denied. *Id.*; *see also Walczak*, 783 F.2d at 857.

Here, the defendant makes only a general request for all grand jury transcripts.  Defendant does not identify any need for these transcripts, nor allege any facts in support of any claimed need.  Nor does defendant identify any individual whose transcript defendant seeks or how an injustice may have occurred.  Unlike *Perez* and *Walczack*, which dealt with cases where defendants alleged injustice and sought to dismiss their indictments, defendant here has not even made such an allegation, let alone alleged sufficient facts to show a "particularized need" for grand jury transcripts in this case.  Thus, defendant has not met his burden to pierce grand jury secrecy.[2]

Because Defendant fails to allege a particularized need for grand jury testimony in order to avoid an injustice, the court should deny defendant's motion to unseal.

Dated:  January 21, 2025

ERIC GRANT
United States Attorney

By:  /s/ *J. Douglas Harman*
J. DOUGLAS HARMAN
JESSICA DELANEY
Assistant United States Attorneys

---

[2] To the extent defendant is requesting those transcripts which constitute Jencks Act material, the government shall comply with its Jenks obligations by providing materials consistent the timelines in 18 U.S.C. § 3500(b).  However, the government has not yet identified which witnesses it intends to call to testify, and so any motion to compel such production is not yet ripe.