ERIC GRANT
United States Attorney
JESSICA DELANEY
DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHARTRAW,<br><br>Defendant. | CASE NO. 2:24-CR-0311-DC<br><br>UNITED STATES' REQUEST FOR *LAFLER*/*FRYE* INQUIRY<br><br>DATE: March 13, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena Coggins |

This matter is set for a trial confirmation hearing on March 13, 2026. The parties set the trial date and schedule by filed stipulation with the court (ECF 20). The Trial Confirmation Hearing will be the first appearance by Chartraw in court since his initial appearance on March 12, 2025. Before confirming the trial date at the hearing, the United States requests that the Court confirm on the record that defense counsel previously communicated the government's plea offer to the defendant and that the defendant rejected it.

I. **PROCEDURAL BACKGROUND**

On November 21, 2024, a grand jury returned an indictment charging defendant Daniel Chartraw with twelve counts of wire fraud in violation of 18 U.S.C. § 1343. Indictment, ECF 1. The government extended a proposed plea agreement to Chartraw on June 9, 2025, and provided Chartraw until July 31, 2025, to accept the offer. The parties negotiated terms of a potential plea agreement during that period.

*See* ECF 17. However, the expiration date elapsed without Chartraw accepting the offer, and the parties jointly requested the matter be set for trial on November 5, 2025. ECF 19. The court granted the joint request and set the trial schedule the next day. ECF 20.

## II.     LEGAL STANDARDS

Criminal defendants are entitled to effective assistance of counsel during pre-trial plea negotiations. *Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). Effective assistance of counsel in pre-trial negotiations includes the right to be informed of plea offers with expiration dates. *United States v. Blaylock*, 20 F.3d 1458, 1466 (9th Cir. 1994) (holding that "an attorney's failure to communicate the government's plea offer to his client constitutes unreasonable conduct under prevailing professional standards").

To protect criminal defendants' rights to this component of the effective assistance of counsel, courts properly hold *Lafler/Frye* hearings prior to trial. *See, e.g.*, *United States v. Draper*, 882 F.3d 210, 217–18 (5th Cir. 2018) ("A *Frye* inquiry is precisely concerned with ensuring the defendant knows of all plea offers, so that when a defendant claims, on the record, that he did not know about an offer, the judge is permitted to ask whether the offer was actually communicated, so long as the inquiry does not imply that the judge has an opinion about the propriety of taking the offer."); *United States v. Braxton*, 784 F.3d 240, 247 (4th Cir. 2015) ("[T]he district court, as described above, fulfilled its role under *Frye* by memorializing the offer on the record at the government's request, prior to making the remarks at issue in this case. Nothing more was required or justified by *Frye*."); *United States v. Begay*, 497 F. Supp. 3d 1025, 1085 (D.N.M. 2020) ("The Court concludes that it may hold a hearing to ascertain whether Begay's counsel communicated the United States' plea offer.").

## III.     GOVERNMENT REQUEST

The government requests that the Court engage in a colloquy with Defendant Daniel Chartraw at the March 13, 2026 hearing to produce a clear record about his consideration of the government's now-expired plea offer. Such a clear record will enhance appellate review of any possible claim Chartraw might file pursuant to 28 U.S.C. § 2255 in the event he is subsequently convicted of some or all the charges in the indictment.

The government respectfully requests that the Court conduct a colloquy with Chartraw using

something like the below-suggested language:

1. The Court understands that the government extended a plea offer to you that you allowed to expire.

2. Do not tell the Court about the content of any discussion between you and your counsel.

3. Do not tell the Court about the terms of any plea offer made by the government. The Court is not involved in any plea negotiations, and the Court states no opinion regarding your decision to plead guilty or proceed to trial. The Court simply requests a "Yes" or "No" answer to the following questions:

    a) First, did you discuss with your attorney the plea offer made by the government?

    b) Second, are you satisfied that, prior to rejecting the plea offer by allowing it to expire, you had a full and complete opportunity to discuss the plea offer with your attorney?

## IV. CONCLUSION

The government respectfully requests that the Court use the upcoming March 13, 2026 Trial Confirmation Hearing in this case to conduct a *Lafler/Frye* inquiry.

Dated: February 12, 2026

ERIC GRANT
United States Attorney

By: /s/ JESSICA DELANEY
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys