UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHARTRAW,<br><br>Defendant. | No. 2:24-cr-00311-DC-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE AND MOTION TO UNSEAL AND DISCLOSE GRAND JURY TRANSCRIPTS<br><br>(Doc. Nos. 21, 22) |

This matter is before the court on Defendant's motion to exclude evidence and motion to unseal and disclose grand jury transcripts. (Doc. Nos. 21, 22.) On January 21, 2026, the Government filed oppositions to both motions. (Doc. Nos. 28, 29.) On February 3, 2026, the court took the motions under submission to be decided in the papers. (Doc. No. 31.) For the reasons explained below, the court will deny Defendant's motion to exclude evidence and motion to unseal and disclose grand jury transcripts.

**BACKGROUND**

On November 21, 2024, a grand jury indicted Defendant Daniel Chartraw on twelve counts of wire fraud in violation of 18 U.S.C. § 1343. (Doc. No. 1 at 1.) If convicted, Defendant also faces two criminal forfeiture counts pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (*Id.* at 8–9.) On November 5, 2025, the parties filed a stipulation to set the trial date, trial

1

1  confirmation hearing, and the briefing schedule for Rule 12 motions. (Doc. No. 19.) On
2  November 6, 2025, the court granted the parties' stipulation and scheduled a trial confirmation
3  hearing for March 13, 2026, a jury trial for April 27, 2026, and a filing deadline for Rule 12
4  motions for January 9, 2026. (Doc. No. 20.) On January 12, 2026, Defendant filed a motion to
5  exclude evidence and a motion to unseal and disclose grand jury transcripts. (Doc. Nos. 21, 22.)
6  On January 21, 2026, the Government filed oppositions to both of Defendant's motions. (Doc.
7  Nos. 28, 29.)

## ANALYSIS

### A.  Defendant's Motion to Unseal and Disclose Grand Jury Transcripts

As a preliminary matter, Defendant's motion to unseal and disclose grand jury transcripts was untimely filed. A motion is untimely when a party does not meet the deadline set by the court, unless the party shows good cause as to why the untimely filing should be accepted by the court. Fed. R. Crim. P. 12(c). The court set January 9, 2026 as the deadline to file Rule 12 motions. (Doc. No. 20.) Defendant filed the motion on January 12, 2026—three days after the deadline passed. (Doc. No. 22.) Defendant has not attempted to show good cause in his motion as to why the court should consider the late filing. Therefore, the court may deny Defendant's motion on timeliness grounds alone. *See* Fed. R. Crim. P. 12(c). The court will however address the merits of Defendant's motion.

Defendant argues in his motion that unsealing and production of the grand jury transcripts in this matter is necessary "to prevent an injustice," because Defendant "needs this material to properly impeach the [G]overnment's evidence and case in chief." (Doc. No. 22 at 3–4.) The Government argues in opposition that "Defendant has not demonstrated that unsealing of grand jury testimony is warranted in this case." (Doc. No. 29 at 1.) The Government points out that while Defendant must demonstrate a "particularized need" for the transcripts, Defendant makes only a general request for all transcripts without identifying a specific need or alleging any facts in support of any claimed need. (*Id.* at 2.)

"Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter

2

occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). However, a court may authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ." Fed. R. Crim. P 6(e)(3)(E)(ii). A defendant must first demonstrate "that a particularized need exists that outweighs the policy of grand jury secrecy" to justify disclosure of grand jury transcripts. *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985) (citations omitted). Indeed, a defendant must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

Here, Defendant has not demonstrated a "particularized need" for the grand jury transcripts in this case. Defendant summarily concludes that he has demonstrated a "particularized need" to prevent an injustice but does not identify how he has demonstrated that need nor what injustice unsealing the grand jury transcripts would prevent. (*See* Doc. No. 22 at 3.) Indeed, Defendant's motion contains only the relevant legal standard and is otherwise completely devoid of any factual assertions. In an attached declaration, Defendant's attorney vaguely asserts that he needs Jencks Act material to understand the evidence against Defendant. (*Id.* at 4, ¶ 4.) To the extent Defendant is requesting grand jury transcripts which constitute Jencks Act material, the Government indicated in its opposition that it will comply with its obligations pursuant to 18 U.S.C. § 3500(b), once it identifies the witnesses it intends to call at trial. (Doc. No. 29 at 2 n.2) Accordingly, the court finds that Defendant has not demonstrated a "particularized need" for access to the grand jury transcripts in this case, and the court will therefore deny Defendant's motion to unseal and disclose grand jury transcripts.

**B.     Defendant's Motion to Exclude Evidence**

Defendant appears to style his motion to exclude evidence as a motion to suppress. Defendant in his motion includes the legal standard for a motion to suppress evidence pursuant to Federal Rule of Criminal Procedure 12(b)(3). (Doc. No. 21 at 7); *see also* Fed. R. Crim. P.

1  12(b)(3)(C). To the extent that Defendant intended to bring a motion to suppress pursuant to Rule
2  12, Defendant's motion is untimely for the same reason Defendant's motion to unseal is untimely.

3  However, the content of Defendant's motion suggests that his motion to exclude evidence
4  is akin to a motion *in limine*. Defendant seeks in his motion to exclude evidence to "preclude the
5  Government from presenting improper, irrelevant, prejudicial, or unconstitutional issues at
6  [Defendant]'s jury trial." (Doc. No. 21 at 2.) The Government argues in opposition that
7  Defendant did not meet his burden to show that any evidence is excludable because he failed to
8  identify the evidence he seeks to exclude and to argue with specificity why that evidence should
9  be excluded. (Doc. No. 28 at 2.) The Government also asserts that Defendant's general objections
10 do not provide a sufficient basis on which the court could rule. (*Id.*)

11 "A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence
12 in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citing Black's
13 Law Dictionary 803, 1038–39 (8th ed. 2004)). The party seeking to exclude evidence "has the
14 burden of establishing that the evidence is not admissible for any purpose." *Angelo v. Thomson*
15 *Int'l, Inc.*, No. 1:21-cv-01609-JLT-CDB, 2024 WL 3202513, at *1 (E.D. Cal. June 27, 2024)
16 (citation omitted). To satisfy its burden, the moving party "must identify the evidence at issue and
17 state with specificity why such evidence is inadmissible." *United States. v. Lewis*, 493 F. Supp.
18 3d 858, 861 (C.D. Cal. 2020) (citation omitted). A moving party's failure to do so is a sufficient
19 basis to deny the motion. *Id.* Moreover, *in limine* rulings are not binding on the court, and the
20 court may change its ruling during trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see*
21 *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) ("The district court
22 may change its ruling at trial because testimony may bring facts to the district court's attention
23 that it did not anticipate at the time of its initial ruling.") (quoting *United States v. Bensimon*, 172
24 F.3d 1121, 1127 (9th Cir. 1999)).

25 Here, Defendant has failed to identify with specificity the evidence he seeks to preclude
26 and to argue why that evidence is inadmissible. Instead, Defendant in his motion makes broad,
27 generalized statements as to what evidence should be excluded. For example, Defendant states
28 that "[a]ny opinion testimony lacking proper foundation, qualifications, or reliability must be

excluded," but does not identify what specific opinion testimony he is referencing. (Doc. No. 21 at 8.) Defendant also states he "objects to any hearsay testimony or conclusions." (*Id.*) In no section of Defendant's motion does he "identify the evidence at issue and state with specificity why such evidence is inadmissible." *See Lewis*, 493 F. Supp. 3d at 861. The only evidence Defendant even arguably identifies in his motion are his "prior convictions." (*Id.* at 8.) However, the court cannot conduct an analysis under Federal Rule of Evidence 404(b) to determine whether Defendant's prior convictions should be excluded from trial because Defendant has not provided any information as to the nature and timing of his prior convictions. Therefore, Defendant has not met his burden of establishing that the evidence he identifies is not admissible for any purpose. *See Angelo*, 2024 WL 3202513, at *1 (citation omitted). Accordingly, Defendant's motion to exclude evidence will be denied in its entirety.

## CONCLUSION

For the reasons explained above:

1. Defendant's motion to exclude evidence (Doc. No. 21) is DENIED; and
2. Defendant's motion to unseal and disclose grand jury transcripts (Doc. No. 22) is DENIED.

IT IS SO ORDERED.

Dated: __March 5, 2026__

Dena Coggins
United States District Judge