ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-000311-WBS |
| Plaintiff, | **GOVERNMENT'S MOTION IN LIMINE – MOTION TO ADMIT BUSINESS RECORDS** |
| v. | |
| DANIEL CHARTRAW, | COURT: Hon. William B. Shubb |
| Defendant. | |

## I.    INTRODUCTION

The government seeks a preliminary determination, as authorized by Federal Rule of Evidence 104, of the foundational admissibility of certain certified business records as self-authenticating under the Federal Rules of Evidence. These records generally consist of bank records, credit card records, records relating to applications and acceptance of merchant cash advances, and various other business records. These documents are self-authenticating under Federal Rule of Evidence 902 as certified copies of domestic records of a regularly conducted activity and otherwise admissible under clearly established exceptions to the hearsay rule such as Federal Rule of Evidence 803(6).

The government is prepared, if required, to call the requisite custodians of record to authenticate the documents in question. Many of these witnesses will be traveling from outside the Sacramento area. A ruling on the government's motion would result in a shorter trial and eliminate some routine and repetitive questioning over non-controversial matters.

The United States provided these records and the accompanying Federal Rule of Evidence 902(11) certifications to Chartraw in the ordinary course of discovery.  Furthermore, as required by Rule 902(11), the United States, by this motion, hereby provides defense counsel with advanced notice of the specific documents it may introduce at trial in reliance on the 902(11) certificates.

The government will provide the business records with specific exhibit numbers when the government provides its full exhibit list on April 10, 2026, consistent with the Court's scheduling order.  ECF 33.  The particular records the government seeks to admit are listed below and identified by their associated Bates Ranges:

| Financial/Business Entity | Bates Range of Records | Bates Number of 902(11) Certificates |
|---|---|---|
| Bank of America, N.A. | CHARTRAW_PO_00000016 – 00000489 | CHARTRAW_PO_00000015 |
| | CHARTRAW_PO_00000490 – 00000695 | |
| | CHARTRAW_PO_00000714 – 00000874 | CHARTRAW_PO_00005303 |
| | CHARTRAW_PO_00002266 – 00002451, -24 | CHARTRAW_PO_00002451 |
| J.P. Morgan Chase Bank, N.A. | CHARTRAW_PO_00001669 – 00001948 | CHARTRAW_PO_00001671 |
| | CHARTRAW_PO_00001953 – 00001959 | CHARTRAW_PO_00001955 |
| Wells Fargo Bank, N.A. | CHARTRAW_PO_00000009 – 00000014 | CHARTRAW_PO_00000009 |
| | CHARTRAW_PO_00001475 – 00001666 | CHARTRAW_PO_00005304–05 |
| Bank of the West | CHARTRAW_PO_00000910 – 00001109 | CHARTRAW_PO_00000999 |
| BAM Trading Services, Inc. d/b/a Binance.US | CHARTRAW_PO_00002236- 00002237 | CHARTRAW_PO_00005306 |
| | CHARTRAW_PO_00001470 | CHARTRAW_PO_00005308 |

| Fiserv, Inc. | CHARTRAW_PO_00001467 | CHARTRAW_00001468 |
| | CHARTRAW_PO_00001466 | CHARTRAW_00001469 |
| | CHARTRAW_PO_00002248-00002253 | CHARTRAW_PO_00002252 |
| Citibank, N.A. | CHARTRAW_PO_00002464-00002694 | CHARTRAW_PO_00005307 |
| | CHARTRAW_PO_00001456-00001463 | CHARTRAW_PO_00001463 |
| Prime Trust | CHARTRAW_PO_00004313 – 00004318 | CHARTRAW_PO_00001453 |
| | CHARTRAW_PO_00001456 – 00001463 | CHARTRAW_PO_00001463 |
| PNC Bank | CHARTRAW_PO_00001964-00002021 | CHARTRAW_PO_00001968 |
| Microsoft Corporation | CHARTRAW_PO_00002240-00002247 | CHARTRAW_PO_00002242-2243 |
| Navy Federal Credit Union | CHARTRAW_PO_00001438 – 00001451 | CHARTRAW_PO_00001440 |
| | CHARTRAW_PO_00002132 – 00002206 | CHARTRAW_PO_00002206 |

## II.    BUSINESS RECORDS

The prerequisites for admissibility under Rule 803(6) must be established by a preponderance of the evidence.  Records of a Regularly Conducted Activity, or Business Records, are excepted from the hearsay rule when:

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).  The phrase "another qualified witness" is "broadly interpreted to require only that

the witness understand the record-keeping system." *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1991). Thus, the Ninth Circuit has held that forms and documents are admissible when qualified employees of the institution testified that "while they themselves had no personal knowledge of the transactions or the execution of the documents, the exhibits in question were kept in the regular course of business. . . ." *Turner v. United States*, 202 F.2d 523, 525 (9th Cir. 1953).

Arguments about a record's reliability go to its probative weight and not its admissibility. *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999). "[A] party need not prove that business records are accurate before they are admitted." *Id.* Once a proponent of a business record establishes the first three elements of Rule 803(6), the record is admissible. *Id.*

Certificates of authentication are sufficient for business records to be admitted. *See* Fed. R. Evid. 803(6)(D); Fed. R. Evid. 902(11); *See also United States v. Weiland*, 420 F.3d 1062, 1073 (9th Cir. 2005); *United States v. Towns*, 718 F.3d 404, 409 (5th Cir. 2013) ("A proper foundation is laid for business records simply by an affidavit that attests to the requisite elements of Federal Rule of Evidence 803(6)."). Rule 902(11) provides for authenticity by way of the following:

> (11) Certified Domestic Records of a Regularly Conducted Activity. The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

The United States has obtained Rule 902(11) certifications for many of the records referenced by this motion. These certifications contain the foundational requirements cited in the Rules with respect to the government exhibits at issue.

//

//

//

//

//

//

//

GOVT. MOTION IN LIMINE – BUSINESS RECORDS

4

### III.    CONCLUSION

For the foregoing reasons, the United States respectfully requests a preliminary determination as to the foundational admissibility of the exhibits listed above.  This motion also serves to provide notice to defense of the government's intent to use the above records.

Dated:  March 23, 2026

ERIC GRANT
United States Attorney


By:    /s/ *Jessica Delaney*
JESSICA DELANEY
J. Douglas Harman
Assistant United States Attorneys

GOVT. MOTION IN LIMINE – BUSINESS RECORDS                5