Andrew R. Flier, Esq. (SBN 137372)
Leonard B. Levine, Esq. (SBN 50998)
Jeremy M. Babich, Esq. (SBN 327798)
Levine, Flier and Flier, LLP.
16133 Ventura Blvd., Suite 1140
Phone: (818) 990-9500 | Fax: (818) 990-1303
andrew@flierandflier.com

Attorney for Defendant,
Daniel Chartraw

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,

               Plaintiff,

      vs.

DANIEL CHARTRAW,

               Defendant.

Case No.: 2:24-CR-0311TLN
*Hon. Judge William B. Shubb*

NOTICE OF MOTION AND DEFENDANT'S MOTION IN LIMINE (#1) TO PRECLUDE THE INTRODUCTION OF THE DEFENDANT'S PRIOR CONVICTIONS IF THE DEFENDANT SHOULD TESTIFY

DATE: April 28, 2026
TIME: 9:00 a.m.
DEPT: 5

      TO THE HONORABLE UNITED STATES DISTRICT JUDGE, WILLIAM B. SHUBB, THE UNITED STATES ATTORNEYS' OFFICE, AND ALL INTERESTED PARTIES,

PLEASE TAKE NOTICE that the defendant, Mr. Chartraw, moves, *in limine*, to preclude the government from introducing the defendant's prior felony convictions for Wire Fraud (18 U.S.C. § 1343, sentence date: August 29, 2013), and the Infliction of Corporal Injury on a Spouse (Penal Code 273.5(a), sentence date: 2013) in Mr. Chartraw's Federal Trial, if Mr. Chartraw testifies. The defense has not received notice that the government has included this issue in a motion *in limine* regarding the defendant's prior conduct/convictions. Consequently, the defendant moves

- 1 -

for an order precluding the government's use of these prior convictions, should Mr. Chartraw testify.

This memorandum is based upon these papers filed herewith, on the records and files of this matter, the attached letters, the defendant's history, all matters of which this Court may take judicial notice, and on all other oral and documentary evidence presented at the hearing.

Dated: March 19, 2026                    Respectfully Submitted,


                                         LEVINE, FLIER AND FLIER, LLP.

                                         /s/ Andrew R. Flier
                                         Attorney for Defendant,
                                         DANIEL CHARTRAW

# I.

# INTRODUCTION

The defendant moves for an order from the Court precluding the government's use of his prior convictions involving Wire Fraud and Corporal Injury on a Spouse, should the defendant testify.

The defendant in this case is charged with twelve counts of Wire Fraud *(18 U.S.C. § 1343.)* In count thirteen, the defendant is charged with criminal forfeiture. *(U.S.C. § 2461(c).)* **These offenses have a certain, inherent prejudicial effect at the outset that requires the Court to consider the extreme prejudicial effect if a prior felony conviction is allowed to be introduced as a form of impeachment, if Mr. Chartraw testifies. In other words, the intensity of the prejudicial effect of a prior offense is <u>much greater</u> in the context of this case.**

# II.

# THE COURT SHOULD NOT ALLOW THE PRIOR FELONY CONVICTIONS UNDER <u>FEDERAL RULES OF EVIDENCE 609 / 403</u>

The Government has not given notice that it intends to use the defendant's prior convictions for Wire Fraud *(18 U.S.C. § 1343)* and the Infliction of Corporal Injury on Spouse *(Penal Code § 273.5 (a))*, to impeach the credibility of the defendant. The defense requests that the Court preclude the use of these two prior convictions for impeachment purposes, if Mr. Chartraw testifies at his trial. The governing authority for the admissibility of prior convictions

for the impeachment of testifying defendants is <u>Federal Rule of Evidence 609</u>. <u>Rule 609</u> provides, in part, for the admission of convictions for crimes punishable by more than one year in prison under certain circumstances. For convictions occurring within the last 10 years (<u>unlike the defendant's previous convictions</u>), evidence of the convictions should be <u>excluded if its prejudicial effect outweighs</u> its probative value. (*Id*.)

**Federal Rule 609** states, in part:

"**(a)  In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) For a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) Must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) Must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) For any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

(b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

**(1)** its probative value, supported by specific facts and circumstances, substantially

    outweighs its prejudicial effect; and

**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it

    so that the party has a fair opportunity to contest its use."

**Federal Rule 403** states:

"The court may exclude relevant evidence if its probative value is **substantially outweighed** by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Emphasis Added.)

In weighing the probative value and the prejudicial effect, the Ninth Circuit has developed a five-part test. (See, *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir. 1979) (Overruled on other grounds by *Luce v. United States*, 469 U.S. 38 (1984). The five *Cook* factors will be discussed, *seriatum*.)

### A.  The impeachment value of the prior crime.

There is no impeachment value, in the context of this case, which supports the assertion that the probative value of the convictions outweighs its prejudicial effect. While the assumption is that a prior felony conviction has some probative value, the offense conduct for one of these priors is not a crime that directly involves honesty or lack of veracity – like a false statement, fraud, or perjury. This relates to the defendant's prior domestic violence conviction in 2013. Since there is no honesty issue with regard to that prior felony conviction, and this case involves charges that are already prejudicial, the defendant asserts that the Court should find that this

particular prior does <u>not</u> have the impeachment value justifying its admission. As to the other conviction (Wiretap), that arrest was in <u>2012</u>. The defendant did 57 months. The arrest, conviction, and the defendant's release from custody is right at 10 years.

**B.  The Point in time of the conviction and the witness' subsequent history.**

The factual basis for these two felony convictions occurred in <u>2010</u> (Wiretap case) and the <u>2011</u> (Domestic Violence case).

**C.  There exist no Points of Similarity Between the Charged Conduct and the Prior Felony.**

At its core, this case is about the engaging of wire fraud and criminal forfeiture. While similarity of offenses usually give rise to a greater risk prejudicial effect, in this case, the dissimilarity also gives rise to greater risk prejudicial effect. The offenses which defendant faces are inherently prejudicial. No juror is going to have any sympathy for this defendant. Introducing an unrelated felony conviction would constitute "piling on." This would <u>prejudicially</u> convey to the jury that defendant is a bad person all around and should be convicted for that reason, and not because the evidence before it. The probative value in the dissimilar prior conviction is <u>far outweighed</u> by the potential prejudice. <u>As to the wiretap conviction, the exact similarity in the charges is extremely prejudicial.</u> If the defendant's prior wiretap conviction is introduced in this trial, the defendant will be convicted. **The similarity is too extreme.**

**D. The Centrality of the Credibility Issue**

Respectfully, the credibility of the defendant's testimony will have to be judged after, and if, the defendant testifies. The defendant's testimony, if any, as it relates to these charges, is expected to be corroborated by the Prosecutor's evidence. Therefore, the admission of the priors would be admitted only to paint the defendant as a bad person, improper propensity evidence, improper character evidence, and to "pile on."

In balancing the five factors, and in light of the nature of the charges in this case, which increases its extreme prejudicial value compared to its probative value, the convictions should be excluded.

Dated: March 19, 2026                                    Respectfully Submitted,


                                                         LEVINE, FLIER AND FLIER, LLP.

                                                         /s/ Andrew R. Flier
                                                         Attorney for Defendant,
                                                         DANIEL CHARTRAW