ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-0311 WBS |
| Plaintiff, | USA RESPONSE TO DEFENDANT'S OPPOSITION TO ADMISSION OF BUSINESS RECORDS |
| v. | |
| DANIEL CHARTRAW, | DATE: April 28, 2026 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. William B. Shubb |

The United States filed a motion to admit business records, asserting that it seeks to introduce financial records and other business records. ECF 37. In its motion, the United States specifically identified the records it seeks to admit as business records and identified the 902(11) certifications that provide a foundation to admit those documents. Defendant opposed that motion. ECF 43. In his opposition, Defendant acknowledges that an exception to hearsay exists for business records, under Fed. R. Evid. 803(6). Defendant further acknowledges that the foundation for a business record may be laid by use of a certification that complies with Fed. R. Evid. 902(11). Defendant did not object to any of the certifications noticed in the government's motion as being noncompliant with the requirements of Fed. R. Evid. 902(11), nor did he object to any of the noticed records falling outside the hearsay exception of Fed. R. Evid. 803(6). Nor did Defendant object that he had not received in discovery any of the records or certifications identified in the Government's motion.

It is worth noting that on March 13, 2026, undersigned counsel provided Defendant with the law

USA RESPONSE TO OPPOSITION                    1

and argument regarding the admission of business records, and identified for defendant the specific records at issue.  Ex. 1.   Defendant's counsel did not respond to the Government's email or identify any insufficiency in the records noticed or the accompanying certificates.

Defendant also argues that the admission of business records violates the Sixth Amendment's Confrontation Clause.  Defendant provides no legal authority for his argument.  The Supreme Court has noted that business records are not testimonial by their very nature and therefore do not implicate the Confrontation Clause.  *See Crawford v. Washington*, 541 U.S. 36, 56 (2004); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.").

As the Government has specifically identified business records it seeks to admit, and has noticed the 902(11) certifications that provide the foundation for admission, and as Defendant has not raised a specific objection as to the insufficiency of the certifications or contested that the identified records constitute business records, this Court should grant the motion and permit admission of the business records.

Dated:  April 2, 2026

ERIC GRANT
United States Attorney

By:   /s/ JESSICA DELANEY
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys

USA RESPONSE TO OPPOSITION

2