Andrew R. Flier, Esq. (SBN 137372)
Leonard B. Levine, Esq. (SBN 50998)
Jeremy M. Babich, Esq. (SBN 327798)
Levine, Flier and Flier, LLP.
16133 Ventura Blvd., Suite 1140
Phone: (818) 990-9500 | Fax: (818) 990-1303
andrew@flierandflier.com

Attorney for Defendant,
Daniel Chartraw

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>DANIEL CHARTRAW,<br><br>            Defendant. | Case No.: 2:24-CR-0311TLN<br>*Hon. Judge William B. Shubb*<br><br>DEFENDANT DANIEL CHARTRAW<br>PROPOSED VOIR DIRE QUESTIONS<br><br>DATE: April 28, 2026<br>TIME:  9:00 a.m.<br>DEPT:  5 |

**TO:    UNITED STATES ATTORNEY; ERIC GRANT, ASSISTANT UNITED STATES**

**ATTORNEY: JESSICA DELANEY**

**TO:    THE CLERK OF THE COURT:**

Defendant Daniel Chartraw, by and through his counsel of record, Andrew Reed Flier, hereby submits his Proposed Voir Dire Questions, in addition to the Court's standard voir dire questions.

Mr. Chartraw respectfully also requests leave to make modifications or to submit such other and additional voir dire questions as may become appropriate. Mr. Chartraw reserves the

- 1 -

right to request to ask additional voir dire questions as may become appropriate during the course of jury selection.

Dated: March 26, 2026                         Respectfully Submitted,


                                              LEVINE, FLIER AND FLIER, LLP.

                                              /s/ Andrew R. Flier
                                              Attorney for Defendant,
                                              DANIEL CHARTRAW

**<u>PROPOSED VOIR DIRE QUESTIONS</u>**

**<u>General Voir Dire Questions</u>**

1.  This trial is expected to last for 5-7 days. Is there anything about the length or scheduling of the trial that would interfere with your ability to serve?

2.  Do you have any personal or financial problems that would prevent you from serving on this jury?

3.  Are any of you familiar with the area or address of the incident?

4.  Have you ever served on a jury before today, here in Sacramento or in any other State or Federal Court?

5.  Have you ever sat as a grand juror?

6.  Do you know anyone else in the jury box other than as a result of reporting here today?

7.  Would your verdict in this case be influenced in any way by any factors other than the evidence in the courtroom, such as friendships or family relationships or the type of work you do?

8.  Is there anything about the nature of the charge itself that would interfere with your impartiality?

9.  Have you ever been a witness in a criminal case, regardless of whether it went to trial?

10. Have you ever testified in any court proceeding?

11. What is your source of news?

12. What newspapers and magazines do you regularly read?

13. What television networks do you regularly watch?

14. What are your hobbies and/or leisure activities?

**<u>Attitudes Toward the Law Enforcement and Criminal Justice System</u>**

15. What are your feelings in general about the criminal justice system?

16. You may hear testimony in this case from law enforcement officers and government employees; specifically, agents and/or officers with the Federal Bureau of Investigation ("FBI".) Do you have any opinion regarding these government agencies or law enforcement officials in general that would prevent you from serving as a fair and impartial juror in this case?

17. Have you ever applied for a job as a federal law enforcement agent, state or local police officer or with a sheriff's department, county jail, or state prison?

18. Have you, or any family member or close friend, ever worked for any agency such as a police department, prosecutor's office, the FBI, the DEA. or a sheriff's department, jail or prison, either in Sacramento or elsewhere?

19. As a general proposition, do you think that a police officer is more likely or less likely to tell the truth than a witness who is not a police officer?

20. Would any of you give greater or lesser weight to the testimony of an FBI agent or any federal law enforcement agent merely because of his or her status as a police officer?

21. Have you, or any family member or close friend, ever been accused of committing an offense other than a minor motor vehicle offense? [If a potential juror answers "yes," Mr. Chartraw respectfully asks the Court to question that person further in private]. If so, would that experience in any way affect your willingness or ability to deliberate fairly in this case?

22. Have you, or any family member or close friend, ever been the victim of a crime, whether it was reported to law enforcement or not?

**Attitudes Toward Burden of Proof in a Federal Criminal Case**

23. Would you have any difficulty following the principle that the defendant on trial is presumed to be innocent and must be found not guilty of that charge unless each and every essential element of the offense charged is proved beyond a reasonable doubt?

24. The indictment is not evidence of guilt. It is simply a charging document. Would the fact that the defendant has been arrested and indicted, and is here in court facing these charges, cause you to have preconceived opinions about the defendant's guilt or innocence?

25. The burden of proving each element of a crime beyond a reasonable doubt rests upon the prosecution and that burden never shifts to the defendant. The defendant in a criminal case has no obligation or duty to prove his innocence or offer any proof relating to his innocence. Would you have difficulty following these principles?

26. Would you have any difficulty or reluctance in accepting the law as explained by the court and applying it to the facts, regardless of your personal beliefs about what the law should be or is?

**Attitudes Towards Defendant's Silence**

27. A defendant in a criminal case has the absolute right to remain silent and has the absolute right not to testify. If a defendant chooses not to testify, the jury is prohibited from drawing any negative conclusions from that choice. The defendant is presumed innocent whether he testifies or not. Would any of you have any difficulty in following these principles?

**Attitudes Toward "Ponzi" Scheme**

28. Are you aware of what an alleged "ponzi" scheme is?

29. Have you, or any family member or close friend, ever been a victim of an alleged "ponzi" scheme? [If a potential juror answers "yes," Mr. Chartraw respectfully asks the Court to ask further follow up questions].

30. Do you have any attitudes about an alleged "ponzi" schemes and/or multi-level marketing promotions that would prevent you from being a fair and impartial juror on this case?

**Attitudes Toward Bank Fraud**

31. Are you aware of what bank fraud is?

32. Have you, or any family member or close friend, ever been the victim of bank fraud? [If a potential juror answers "yes," Mr. Chartraw respectfully asks the Court to ask further follow up questions].

33. Do you have any attitudes about bank fraud that would prevent you from being a fair and impartial juror on this case?

**Attitudes Toward Cooperating Witnesses**

34. You might hear testimony from cooperating witnesses, one of whom is also a defendant in this case, but whose case has been disposed of and is no longer before you. Do you have any beliefs, feelings, or views about the use of cooperating witnesses that would affect your ability to be an impartial juror in this case?

**Attitudes Toward Judgment and Punishment**

35. Do you have any reservations about sitting in judgment of an accused person and returning a verdict?

36. If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence in this case, will you be able to follow that instruction?

**Nature of Crime Charged and Pretrial Publicity**

37. Is there anything about the nature of the charges that give you any concern or would make it difficult for you to sit as a juror in this case?

38. The fact that you may have heard about this case will not necessarily disqualify you from serving as a juror in this case. Both the prosecution and the defense are entitled to twelve impartial jurors. To the extent you have heard about this case, do you think you can be fair and impartial to both the prosecution and defense?

39. If you feel that you cannot be fair to either the prosecution or the defense, given what you know, or have heard about this case, please explain:

**Prior Jury Service**

40. Have you ever served on a trial jury before? If yes, please indicate whether the case was civil or criminal, whether the case was in State or Federal court, and the nature of the case (for example, driving under the influence or breach of contract.)

_____

41. In each of these cases on which you served as a juror, did the jury reach a verdict?

Yes _____      No _____

If no, please explain:

_____

42. Have you ever served as a juror?

Yes _____      No _____

If yes, please state when and where you served.

_____

43. Have you ever served as a jury foreperson?

Yes _____      No _____

44. If you previously served on a jury, is there anything about your past jury service that would make it difficult for you to serve as a juror in this case?

Yes _____      No _____

If yes, please explain:

_____

Dated: March 26, 2026                          Respectfully Submitted,


                                               LEVINE, FLIER AND FLIER, LLP.

                                               /s/ Andrew R. Flier_____
                                               Attorney for Defendant,
                                               DANIEL CHARTRAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of April 2026, a copy of the foregoing was electronically filed using the CM/ECF System. A copy of the foregoing will then be served on all parties of record via the CM/ECF System.

Dated: April 10, 2026                    Respectfully Submitted,


                                        LEVINE, FLIER AND FLIER, LLP.

                                        /s/ Andrew R. Flier
                                        Attorney for Defendant,
                                        DANIEL CHARTRAW