Andrew R. Flier, Esq. (SBN 137372)
Leonard B. Levine, Esq. (SBN 50998)
Jeremy M. Babich, Esq. (SBN 327798)
Levine, Flier and Flier, LLP.
16133 Ventura Blvd., Suite 1140
Phone: (818) 990-9500 | Fax: (818) 990-1303
andrew@flierandflier.com

Attorney for Defendant,
Daniel Chartraw

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CHARTRAW,<br><br>Defendant. | Case No.: 2:24-CR-0311TLN<br>*Hon. Judge William B. Shubb*<br><br>DEFENDANT'S OPPOSITION TO GOVERNMENT'S RULE 404(B) MOTION<br><br>DATE: April 28, 2026<br>TIME: 9:00 a.m.<br>DEPT: 5 |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, WILLIAM B. SHUBB,

THE UNITED STATES ATTORNEYS' OFFICE, AND ALL INTERESTED PARTIES,

PLEASE TAKE NOTICE that the defendant, Mr. Chartraw, by and through counsel, respectfully

submits this Opposition to the Government's Motion to Admit Evidence Pursuant to Federal

Rule of Evidence 404(b).

Dated: April 13, 2026

Respectfully Submitted,

LEVINE, FLIER AND FLIER, LLP.

/s/ Andrew R. Flier
Attorney for Defendant,
DANIEL CHARTRAW

## I.

## **INTRODUCTION**

The Government seeks to introduce evidence of the Defendant's prior conviction for wire fraud to prove issues such as intent, knowledge, or absence of mistake. In reality, the Government's proffered use of this evidence is nothing more than an attempt to invite the jury to conclude that because the Defendant committed a similar act in the past, that he must have committed the charged offenses here. This is precisely the type of propensity evidence prohibited by Federal Rule of Evidence 403.

## II.

## **LEGAL STANDARD**

Under Federal Rule of Evidence 404(b), evidence of prior bad acts is not admissible to prove a person's character in order to show action in conformity therewith. While such evidence may be admissible for limited purposes—such as proving motive, opportunity, intent, or knowledge—the Ninth Circuit applies a **four-part test:**

1. The evidence must tend to prove a material point.

2. The prior act must not be too remote in time.

3. The evidence must be sufficient to support a finding that the defendant committed the act; and

4. The act must be similar to the charged offense.

Even if these factors are met, <u>the evidence must still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice</u> under <u>Federal Rule of Evidence 403</u>.

## III.

## <u>ARGUMENT</u>

### A.  The Government's Proffered Use Is Impermissible Propensity Evidence

The Government cannot use <u>Rule 404(b)</u> as a backdoor to argue: "once a fraudster, always a fraudster." This is exactly what the statute forbids.

### B.  The Prior Conviction Is Not Sufficiently Similar to the Charged Conduct

To be admissible, prior acts must be sufficiently similar to the charged offense to support a non-propensity inference. Here, the Government has not demonstrated meaningful similarity beyond the generic label of "wire fraud."

Courts have consistently held that superficial similarity, particularly in broad fraud categories, is insufficient. Without distinctive, signature—like similarities, the evidence lacks the required probative value.

### C.  Any Marginal Probative Value Is Substantially Outweighed by Unfair Prejudice

Even assuming arguendo that the prior conviction has relevance, the prior has **<u>overwhelmingly prejudicial effect</u>**. Evidence of a prior fraud conviction carries a significant risk that the jury will:

- Infer criminal disposition.

- Give undue weight to the past conduct.

- Convict based on character propensity rather than the specific evidence itself.

This danger in this matter <u>substantially outweighs any limited probative value</u>, requiring the exclusion under <u>Federal Rule of Evidence 403</u>.

## D.  The Government Has Alternative, Less Prejudicial Means of Proof

Where the Government can prove intent or knowledge through direct evidence related to the charged conduct, courts disfavor admission of prior-act evidence. Here, the Government has access to documents, communications, and witness testimony directly tied to the alleged offense.

The availability of such evidence further undermines the need for <u>Rule 404(b)</u> evidence.

## E.  The Risk of Mini-Trial and Jury Confusion Warrants Exclusion

Admission of the prior conviction would necessitate litigating the facts underlying that conviction, creating a "trial within a trial." This would:

- Confuse the jury.

- Waste time.

- Distract from the charged conduct.

Such risks independently justify exclusion.

## IV.

## **CONCLUSION**

For the foregoing reasons, the defendant, Mr. Chartraw, respectfully requests that this Court **deny** the Government's motion to Admit Rule 404(b) evidence in his trial. In the alternative, the Defendant requests that the Court conduct a hearing outside of the presence of the jury and strictly limit any such evidence.

## V.

## **REQUEST FOR RELIEF**

Defendant respectfully requests:

1. Exclusion of all prior-act evidence related to the Defendant's prior wire fraud conviction.
2. A pretrial hearing on its admissibility.
3. Any further relief that the Court deems just and proper.

Dated: March 19, 2026                          Respectfully Submitted,

                                               LEVINE, FLIER AND FLIER, LLP.

                                               /s/ Andrew R. Flier
                                               Attorney for Defendant,
                                               DANIEL CHARTRAW