ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DANIEL CHARTRAW,<br><br>                              Defendant. | CASE NO.  2:24-CR-311 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 28, 2026<br>TIME: 9 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for trial on April 28, 2026.

2.      On April 22, 2026, at the request of the parties, the Court continued trial until June 9, 2026 at 9:00 a.m.  At that hearing the Court stated that it would exclude time.  Following the hearing, the Court ordered the government to file a stipulation and order to exclude time. The parties hereby move to exclude time between April 28, 2026 and June 9, 2026, under Local Code T4.

3.      Defense counsel moved for a continuance based upon a scheduled hernia surgery. During a hearing held on April 22, 2026, the Court stated that it wanted defense counsel to be able to have the surgery, and the Court was continuing the trial in order for defense counsel to proceed with his planned surgery.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

4.     The parties agree and stipulate, and request that the Court find the following:

a)     The government has produced discovery associated with this case which includes in excess of 6,000 files, including financial documentation, recordings, witness interviews, and a cell phone extraction, among other things All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  The most recent production of discovery was on April 20, 2026.

b)     Counsel for defendant was scheduled to have surgery on April 24, 2026.  Counsel for defendant provided medical documentation to government counsel confirming the scheduled surgery.

c)     Counsel for defendant requested the continuance in order to ensure continuity of counsel, given his pending surgery.  Counsel for defendant further represented that his doctor recommended that he proceed with surgery as scheduled.  Counsel for defendant represented that the recovery time for surgery can take between 4 and 6 weeks and that he should be monitored during the recovery period.

d)     Counsel for defendant also believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  This includes the review of discovery generated by the government during pretrial preparation.  The additional time is needed given his surgery and the recovery time following surgery.

e)     In light of defense counsel's assertions, the government does not object to the continuance.

f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act, based upon the need for continuity of counsel.

g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 28, 2026 to June 9, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 24, 2026                                ERIC GRANT
                                                     United States Attorney


                                                     /s/ JESSICA DELANEY
                                                     JESSICA DELANEY
                                                     Assistant United States Attorney


Dated:  May 1, 2026                                  /s/ ANDREW FLIER
                                                     ANDREW FLIER
                                                     Counsel for Defendant
                                                     DANIEL CHARTRAW



                                    **ORDER**

IT IS SO FOUND AND ORDERED.


Dated:  May 4, 2026                 _____
                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE


STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3