Andrew R. Flier (SBN 137372)
Leonard B. Levine (SBN 50998)
Jeremy M. Babich (SBN 327798)
Levine, Flier and Flier, LLP
16133 Ventura Blvd., Suite 1140
Encino, CA 91436
Phone: 818-990-9500| Fax: 818-990-1303
Email: andrew@flierandflier.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No.: 2:24-CR-311DC |
| Plaintiff, | |
| vs. | |
| DANIEL CHARTRAW, | **DFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ALLEGED VICTIMS NOT NAMED IN THE INDICTMENT** |
| Defendant | |

The Defendant, Daniel Chartraw, through counsel, respectfully moves this Court for an order excluding testimony from alleged victims who are not identified and listed as named victims in the Indictment. Such testimony is irrelevant to the charged offenses, constitutes impermissible propensity evidence, and presents a substantial risk of unfair prejudice that substantially outweighs any probative value in allowing them to be referenced and to testify.

//

//

1

# I.

# INTRODUCTION

The Indictment charges Mr. Chartraw with specific offenses involving identified alleged victims and particular factual allegations. It appears that the Government may seek to introduce testimony from additional individuals who are not named victims in the Indictment and whose allegations do not form the basis of any charged count.

Admission of such testimony would improperly invite the jury to convict Mr. Chartraw based upon the uncharged allegations, rather than the evidence relating to the offenses actually charged.

# II.

# ARGUMENT

**A. Testimony From Uncharged Alleged Victims Is Irrelevant Under <u>Fed. R. Evid. Rule 401</u>.**

Evidence is relevant only if it has any tendency to make a fact of consequence more or less probable. (<u>Fed. R. Evid. 401.</u>)

**<u>Fed. Rule Evid. Rule 402</u>:**

"Relevant evidence is admissible unless any of the following provides otherwise:

- The United States Constitution;

- A federal statute;

- These rules; or

- Other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible."

2

The testimony of individuals who are not alleged victims of the charged offenses does not establish any element of the crimes charged in the Indictment. Because these witnesses are not connected to the specific counts before the jury, their testimony lacks relevance and should be excluded under Rules 401 and 402.

**B. Any Minimal Probative Value Is Substantially Outweighed by the Danger of Unfair Prejudice Under Fed. R. Evid. Rule 403.**

**Fed. R. Evid. Rule 403:**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Even assuming some marginal relevance, testimony from any additional, alleged victims carries an extraordinary risk of unfair prejudice.

Such evidence may encourage the jury to conclude that Mr. Chartraw has a propensity for misconduct or is a bad person deserving of punishment irrespective of whether the Government proves the charged offenses beyond a reasonable doubt. The introduction of multiple uncharged allegations would also risk confusing the issues, misleading the jury, and creating mini-trails concerning collateral events.

Accordingly, exclusion is warranted under Rule 403.

**C. The Evidence Constitutes Impermissible Character or Propensity Evidence Under Rule 404(b).**

Rule 404(b)(1) prohibits evidence of other acts offered to prove a person's character in order to show action in conformity therewith.

To the extent the Government seeks to introduce testimony from uncharged, alleged victims to demonstrate that Mr. Chartraw acted similarly on other occasions, such evidence is strictly barred by Rule 404(b). The Government cannot circumvent Rule 404(b) by presenting allegations from individuals whose claims are unrelated to the charged offenses.

**D. Admission of Uncharged Allegations Risks Expanding the Indictment Beyond the Charges Returned by the Grand Jury.**

Permitting testimony from individuals who are not alleged victims in the Indictment creates a substantial risk that Mr. Chartraw will effectively be tried for conduct not charged by the grand jury.

The jury's attention must remain focus on the offenses alleged in the Indictment. Admission of additional allegations risks an impermissible variance from the charges and undermines Mr. Chartraw's constitutional right to notice of the accusations against him.

**E. Testimony From Addition Alleged Victims Constitutes Impermissible Other-Acts Evidence.**

The Government should be prohibited from presenting testimony from individuals who are not among the five alleged victims identified in the Indictment.

The charged wire-fraud counts arise from specific transactions involving specific alleged victims. Testimony from additional individuals concerning separate dealings with Mr. Chartraw would not prove any element of the charged offenses. Rather, such testimony would serve only to suggest that because other people claim to have had negative experiences with Mr. Chartraw, that he is more likely to have committed the charged offenses.

That is precisely the type of propensity reasoning prohibited by Rule 404(b).

4

The Ninth Circuit has repeatedly cautioned against expanding the category of "intrinsic" evidence beyond conduct that is truly part of the charged offense. (See *United States v. Vizcara-Martinez,* 66 F.3d 1006 (9th Cir. 1995); *United States v. Bailey,* F.3d 794 (9th Cir. 2012).)

If the Government seeks admission under Rule 404(b), it bears the burden of identifying a permissible non-propensity purpose and demonstrating that the evidence satisfies Rule 403. The Government cannot satisfy that burden here because testimony from additional alleged victims would inevitably require litigation of collateral transactions, disputed communications, reliance issues, and alleged losses unrelated to the counts before the jury.

Any marginal probative value, if believed, is substantially outweighed by the dangers of unfair prejudice, jury confusion, misleading the jury, undue delay, and waste of time (Fed. R. Evid. 403). Admission would effectively place Mr. Chartraw on trial for uncharged conduct and create a substantial risk that the jury would convict based upon the cumulative effect of numerous accusations rather than the evidence relating to the offenses actually charged.

Accordingly, the Court should exclude testimony from alleged victims not identified in the Indictment.

### III.

### CONCLUSION

For the foregoing reasons, Mr. Chartraw respectfully requests that the Court enter an order prohibiting the Government from introducing testimony from alleged victims not identified in the Indictment, and from making reference to such allegations during trial without first obtaining permission from the Court outside the presence of the jury.

Respectfully submitted,

/s/ Andrew Reed Flier
Attorney for Defendant,
Daniel Chartraw