ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>DANIEL CHARTRAW,<br><br>                    Defendant. | CASE NO.  2:24-CR-0311-WBS<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ALLEGED VICTIMS NOT NAMED IN THE INDICTMENT |

## I.    INTRODUCTION

The United States respectfully requests this Court deny Defendant's untimely motion to exclude testimony of alleged victims not named in the indictment.  As a threshold matter, Defendant's motion is untimely, and the Defendant has not demonstrated good cause for the late filing, so the Court should deny the motion.  Even on the merits, Defendant's motion fails because the uncharged transactions are admissible to prove the elements of the charged offense, namely, that there was a scheme to defraud.  Therefore, the Court should deny Defendant's motion.

## II.    ARGUMENT

### A.    Defendant's Motion in Limine is Untimely Filed, and the Court Should Deny the Motion on Timeliness Grounds

Defendant has filed his motion in an untimely manner, and did not demonstrate good cause for the delay, so the Court can deny the motion without reaching the merits.  A party may raise "any defense, objection, or request that the court can determine without a trial on the merits" pretrial.  Fed. R.

1

Crim. P. 12(b)(1).  Those pretrial motions are subject to the Court's discretion for setting deadlines.  *See* Fed. R. Crim. P. 12(b)–(d).  If a party files a pretrial motion that fails to meet the Court's deadlines, "the motion is untimely," and the Court may reject that motion without further consideration.  Fed. R. Crim. P. 12(c)(3).  However, a court may still consider the motion if the moving "party shows good cause" for the delay.  *Id.*  Analysis of good cause in this context requires both (1) cause for the failure to raise the claim on time and (2) a prejudice resulting from that error.  *See Davis v. United States*, 411 U.S. 233, 242 (1973); *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 363 (1963).

Here, the Court first set a schedule for pretrial filings in its March 2, 2026 pretrial order.  This order required any motions in limine to be filed by no later than March 13, 2026.  ECF 33.  The Court then extended that deadline to March 23, 2026 and the deadline for motion in limine oppositions to March 30, 2026.  ECF 35.  The Court then reassigned the matter to the current judge but made no alteration to the schedule of filings.  ECF 36.

On March 23, 2026, the government and defense both filed motions in limine, in keeping with the schedule set by the Court.  *See* ECF 37–39.  Of particular relevance, the government filed a motion to admit evidence of the scheme and to admit evidence under Fed. R. Evid. 404(b) and Fed. R. Evid. 609.  ECF 38.  The defense did not file an opposition to the government's motion to admit scheme evidence.  On April 10, 2026, the government filed its initial witness list, exhibit list, and trial brief.  ECFs 46, 47, 49.

Now, almost two months after defense received the government's witness list and trial brief, and 71 days after the motion in limine deadline, defense filed the instant motion to exclude evidence.  This filing is untimely, and as Defendant has demonstrated no good cause for such tardiness, the Court should deny the motion on that basis.  Defendant has been aware of the government's intent to present the very scheme evidence that he now objects to since March 23, 2026, when the government first filed its motion to admit such evidence.  Defendant received additional notice on April 10, 2026, when the government filed its exhibit list, witness list, and trial brief.   Despite possessing this information, Defendant provides no explanation for why he waited more than fifty days to file, nor why his filing was submitted only a week before trial.  Without such explanation, Defendant fails to articulate good cause for the Court to consider his untimely motion.

Because the motion was untimely, and Defendant provides no cause, good or otherwise, for the delay, the Court should deny the motion.

**B.      Even if the Court Were to Reach the Merits of Defendant's Motion, the Motion Fails Because the Testimony of the Government's Witnesses is Both Relevant and Admissible**

Should the Court decide to review the merits of Defendant's motion, it should still deny the motion.  Evidence of additional fraudulent conduct that falls within the scheme alleged in the indictment constitutes direct evidence of the fraud scheme.[1]

Under Federal Rule of Evidence 401, evidence is relevant where "it has any tendency to make a fact of consequence more or less probable."  Relevant evidence may be excluded under Federal Rule of Evidence 403 where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Evidence of other acts by a defendant is generally not admissible to prove the defendant's character and may only be admitted for limited permissible purposes.  Fed. R. Evid. 404(b).

**1.      The Testimony of Uncharged Victims does not Constitute Testimony About "Other Acts" and Thus is not Barred by Rule 404(b)**

The testimony of Defendant's victims, whether or not they are named in the indictment, is not prohibited by Rule 404(b) because the subject matter of their testimony is not an "other act" of Defendant's, but is, rather, evidence of his scheme to defraud as charged in the indictment.  In wire fraud cases, uncharged transactions are not considered other acts and are admissible under the rules to prove the existence of a scheme to defraud.  *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016).  The crime charged in a wire fraud count includes "not only the specific executions of the scheme alleged

---

[1] While Defendant argues that "the Government may seek to introduce testimony from additional individuals who are not named victims in the Indictment," the Defendant does not identify which government witnesses, specifically, he seeks to exclude.  ECF 73.  The government's case-in-chief involves numerous witnesses not named in the indictment, including law enforcement witnesses, custodians of records, interstate nexus witnesses, and additional victims of Defendant's fraudulent scheme.  Because Defendant's motion only includes generalities, the government has responded in general.  A more detailed and granular examination of the additional victims is included in the government's own motion in limine, ECF 38, filed March 23, 2026.

. . . but also the overall scheme alleged as the first element." *Id.* at 1177.  "The uncharged transactions, therefore, are part of the charged offense." *Id.*

In *Loftis*, the Ninth Circuit addressed an instance in which the government offered evidence of investor victims not named in the indictment; additional uses of the wires not addressed in the indictment; and aspects of the scheme carried out in other states, not addressed in the indictment.  The defendant moved to limit the case to evidence of the named investors and criminal activity in the state. The Ninth Circuit ruled that the evidence of additional fraudulent transactions and evidence of additional victims not specifically alleged in the indictment was admissible, as it was part of the overall charged scheme.  The Court noted that when a wire fraud scheme is charged, it not only includes "the specific executions of the scheme alleged as the second element of the offense," but it also pertains to the "overall scheme alleged as the first element of the offense." *Id.* at 1177.  The Court specifically noted that, just as in conspiracy, in the wire fraud context the government may provide evidence of uncharged transactions which demonstrate the existence of a fraudulent scheme.[2]

The Ninth Circuit has reiterated this principle in other contexts.  In *United States v. Lo*, 839 F.3d 777, 793, (9th Cir. 2016), the Court stated that "the commission of . . . a mail fraud or wire fraud offense necessarily includes a fraudulent scheme as a whole . . ., including additional executions of the scheme that were not specifically charged."  According to the Court in *Lo*, forfeiture applies to the proceeds of the entire scheme, not just the individual charged transactions.  In *United States v. Jinian*, 725 F.3d 954, 962 (9th Cir. 2013), the Court considered a motion to acquit and concluded upon review that the defendant's activity over more than two years of receiving and cashing checks fraudulently constituted a single scheme.  The Court in that case concluded that the defendant's scheme to defraud "depended upon each check successfully clearing" with hundreds of checks involved.  725 F.3d at 963.  Thus, the Court considered the totality of the defendant's fraudulent conduct even where an indictment alleged only fourteen counts.  *Id.* at 958.

---

[2] *Loftis* also noted that the inextricably intertwined doctrine would provide another avenue for the government to introduce evidence of uncharged transactions.  In the context of mail and wire fraud "uncharged transactions that are part of an overall scheme" fall under the inextricably intertwined exception to notice under 404.  843 F.3d at 1178.  This is true in this case as well, and the Court could admit this evidence as inextricably intertwined with the charged transactions.

Here, the government's witnesses squarely fall within admissibility to prove the existence of a fraudulent scheme.  The indictment alleges a scheme ongoing through 2021 and 2022.  The crux of testimony from the government's witnesses, including those victims not specifically identified in the indictment, deals with Defendant's actions and activities during that period.  These witnesses will testify to Defendant's execution of his scheme, that he controlled multiple business, communicated with and solicited investors, accessed a company bank account, and repeatedly deployed the names and reputations of others to facilitate his scheme.  Because all victim testimony will demonstrate the scheme to defraud charged in the indictment, the testimony by the uncharged victims of Defendant's scheme is not barred by Rule 404(b).

The United States further incorporates additional law and argument advanced in its motion to admit evidence of the scheme, filed at ECF 38.

**2.      In the Alternative, the Evidence is Admissible Under Rule 404(b)**

Even if the Court determines the testimony of witnesses not named in the indictment is not direct evidence of the fraudulent scheme, the evidence is still admissible under Fed. R. Evid. 404(b).  The evidence is admissible to prove intent, motive, opportunity, knowledge, preparation, plan, modus operandi, and absence of mistake.  Importantly, one of the elements that the government must prove in a wire fraud scheme is the intent to defraud. Evidence of other examples during the charged date range of Defendant's perpetuation of fraud is illustrative of the fact that he intended to defraud the charged investor-victims, and that this was a deliberate, calculated scheme, and not merely an instance of a bad businessman failing to execute a legitimate business.

The Ninth Circuit uses a four-part test to determine whether evidence may be admitted under Rule 404(b): "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020).  The government exhaustively discussed the applicability of the four *Cox* factors to the additional victim-witnesses in its own motion in limine filed March 23, 2026.  ECF 38 at 10–18.  Therefore, the United States incorporates that law and discussion into its opposition here.

In brief, the evidence tends to prove crucially material points, including Defendant's intent,

preparation, plan, knowledge, and absence of mistake; particularly, this evidence proves that Defendant engaged in a scheme to defraud and intended to defraud victims. *See* ECF 38 at 10–14. Second, the acts are certainly not too remote in time, as they occurred simultaneously or shortly after the charged incidents. *See* ECF 38 at 14–15. Third, the low threshold of sufficiency is easily met in this case on the basis of the witnesses' own testimony. *See* ECF 38 at 16. Finally, the acts are extremely similar because they involve the same companies, materials, and tactics. *See* ECF 38 at 17.

### 3. The Testimony of the Government's Witnesses is Admissible under Rule 403

Regardless of the applicability of Rule 404(b), evidence must still be admissible under Rule 403. Here, the evidence is admissible because it is highly probative of Defendant's scheme to defraud, as well as his knowledge and intent. Probative evidence is only excluded under Rule 403 where the probative value is "substantially outweighed" by the danger of prejudice, jury confusion, or needless presentation of cumulative evidence. Fed. R. Evid. 403. The Court must consider the requirements of the balancing when determining whether to admit or exclude evidence, but "need not mechanically recite Rule 403's requirements before admitting evidence." *United States v. Ono*, 918 F.2d 1462, 1465 (9th Cir. 1990) (quoting *United States v. Thomas*, 893 F.2d 1066, 1071 (9th Cir.1990)). "Relevant evidence 'is not rendered inadmissible because it is of a highly prejudicial nature.... The best evidence often is.'" *United States v. Flores*, No. 23-4002, 2024 WL 2816498, at \*1 (9th Cir. June 3, 2024) (quoting *United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977)); *see also United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) (concluding that Rule 403 "excludes only evidence where the prejudice is…based on something *other* than its persuasive weight"). Rule 403, therefore, deals only with "unfair prejudice." *United States v. Decinces*, 808 F.3d 785, 791 (9th Cir. 2015).

Here, the evidence offered is highly relevant, does not create risk of unfair prejudice, and any risk of prejudice certainly does not "substantially outweigh" the probative value of the evidence. As outlined in the government's trial brief, the witnesses will testify that the Defendant participated in and devised a scheme using companies to solicit investors related to cryptocurrency and then pocketed the money rather than doing what he promised. The number of victims, including those not specially identified in the indictment, is highly probative of the scheme, showing Defendant's knowledge, intent, and the existence of the regular and repeated scheme. The danger of unfair prejudice is low, as the

6

testimony of the witnesses deals with the same two companies laid out in the indictment, discusses many of the same facts and documents as the charged witnesses, and covers the same range of time as charged in the indictment.

Nor is the evidence needlessly cumulative.  The rule does not prohibit cumulative evidence, "rather, it merely permits courts to exclude cumulative evidence when it has little incremental value." *United States v. Miguel*, 87 F. App'x 67, 68 (9th Cir. 2004) (unpublished).  Here, the witnesses in question will each offer testimony of significant probative value.  Their testimony will highlight the similarity of tactics Defendant used on different witnesses to achieve the purpose of his scheme.  The testimony of many different witnesses as to the similar tactics and operative facts will demonstrate the existence of a consistent scheme by Defendant.  This evidence is highly probative, and each witness has significant value to the government's case that does not diminish based on the approximately twenty-two witnesses identified in the government's witness list.  ECF 54.

Because the testimony of the government's witnesses is highly probative, risks minimal unfair prejudice, and is not needlessly cumulative, the evidence is not excludable pursuant to Rule 403, and the Court should deny the Defendant's motion.

///

///

///

///

///

///

///

///

///

///

///

///

///

7

### III.    CONCLUSION

Defendant filed his motion in an untimely manner after failing to respond to the government's own Rule 404(b) motion previously in this case.  Defendant has provided no good cause for his 70+ day delay from the schedule set by the Court.  Defendant's motion also fails on the merits.  The witness testimony is not excludable under Rule 404(b) because the testimony is not about other acts.  Nor is the testimony excludable under Rule 403 because the testimony is highly probative with minimal risk of unfair prejudice or becoming needlessly cumulative.  For these reasons, the government requests the Court deny Defendant's motion in limine to exclude the testimony of Defendant's victims not specifically mentioned in the indictment.

Dated: June 2, 2026

ERIC GRANT
United States Attorney

By:  /s/ *J. Douglas Harman*
J. DOUGLAS HARMAN
JESSICA DELANEY
Assistant United States Attorneys