ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:24-CR-00311 WBS |
| Plaintiff, | GOVERNMENT'S BRIEF ON BEST EVIDENCE RULE AND OPPOSITION TO MOTION FOR MISTRIAL |
| v. | |
| DANIEL CHARTRAW, | DATE: June 15, 2026 |
| Defendant. | TIME: 0 a.m.<br>COURT: Hon. William B. Shubb |

## I.    INTRODUCTION

On the fourth day of the jury trial of defendant Daniel Chartraw, the government presented the testimony of Ms. Jennifer Tate.  During Ms. Tate's testimony, she referred to an email and a letter that she received from the Defendant and his mother.  Defense counsel did not object to the testimony.  The Court inquired as to whether Ms. Tate's testimony about the content of the letter was admissible under the best evidence rule and requested the government provide supplemental briefing over the weekend.

Over the weekend, while reviewing discovery, government counsel located the email and the letter which Ms. Tate referenced.

## II.    FACTUAL BACKGROUND[1]

The question of the best evidence rule arose during testimony, when government counsel asked if Ms. Tate had received  updates from the Defendant following her investment.  Ms. Tate testified that

---

[1] At this time, counsel lacks a transcript or recording of the proceedings and cannot obtain one

GOVERNMENT'S SUPPLEMENTAL BRIEF ON BEST
EVIDENCE RULE AND OPPOSITION TO MOTION FOR
MISTRIAL

1

she did not. The government then asked whether Ms. Tate had requested her money back, to which she stated that she did.  The government then asked Ms. Tate what happened after she requested her money back from the Defendant.  In response, Ms. Tate testified that she received various excuses from both Defendant and Louise about the lack of return of Ms. Tate's money, including that the money was not yet returned due to health, travel, and other complications.  In her answer, Ms. Tate also volunteered that, during her attempts to get her money back, she received a written communication claiming that she had threatened the Defendant or his mother.

While preparing this response, the government located the letter at issue, the email that Ms. Tate received containing the letter, and additional emails that Ms. Tate sent to Defendant's mother in which Ms. Tate states that, contrary to the letter, she never threatened Defendant or his mother, and that she only wanted her money back.

The government does not intend to introduce the letter into evidence.  The letter and emails have been produced to defense counsel.

### III.    LAW AND ANALYSIS

#### A.    The Best Evidence Rule

"An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."  Fed. R. Evid. 1002.  The Federal Rules of Evidence also provide for when an original is not required:

> An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if: (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith; (b) an original cannot be obtained by any available judicial process; (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or (d) the writing, recording, or photograph is not closely related to a controlling issue.

Fed. R. Evid. 1004.  These rules are commonly referred to collectively as the best evidence rule.  *See United States v. Bennett*, 363 F.3d 947, 953 (9th Cir. 2004).  A writing or recording includes "a 'mechanical or electronic recording' or 'other form of data compilation.'"  *Id.* (quoting Fed. R. Evid.

---

before the filing deadline on this briefing.  The recitation of the facts herein is therefore premised on the recollection of counsel and the contemporaneous notes taken by co-counsel, the case agent, and the paralegal, all present in court.

1001(1)).

Whether the best evidence rule applies "turns on 'whether contents are sought to be proved.'" *Id.* (quoting Fed. R. Evid. 1002 Advisory Committee's note). The Advisory Committee's Notes to the Rule state that "an event may be proved by nondocumentary evidence, even though a written record of it was made.  If, however, the event is sought to be proved by the written record, the rule applies."

The government is not trying to prove the statement in the letter – that Ms.  . . . Tate made a threat to Defendant, his company, or his mother.  Because the content of the letter is not being used to prove any fact or event, it is not clear that the best evidence rule would apply.

Such a finding is consistent with the purpose of the best evidence rule.  The Ninth Circuit has observed that the purpose of the rule is to present the exact words of operative documents or dispositive instruments and protect against the inaccuracy that accompanies copying and oral testimony about such operative documents.  *See United States v. Diaz-Lopez*, 625 F.3d 1198, 1201 (9th Cir. 2010) (citations omitted)

If a party seeks to prove a term exists in a contract, then the contract must be introduced, unless one of the exceptions under Fed. R. Evid. 1004 exists.  Here, however, the government is not trying to prove any fact in a document.  The statement contained in the document is that Ms. Tate needed to stop threatening Defendant's company.  This is an instruction, not a fact.  To the extent that it implicates a fact, it implicates a false assertion.  Because the government is not seeking to prove that Ms. Tate threatened Defendant or his company, it does not appear that the best evidence rule is implicated.

While it is not clear that Ms. Tates' testimony violates the best evidence rule, the government does not oppose the Court striking her testimony about the letter and issuing a curative instruction.

In evaluating a curative instruction, the Court should "weigh the forcefulness of the instruction and the conviction with which it was given against the degree of prejudice generated by the evidence." *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980).  "In fixing the degree of prejudice, the probative force of the inadmissible evidence must be compared with that of the admissible evidence which supports the verdict." *Id.*

Here, the prejudice, if any, generated against the Defendant is minimal.  The evidence heard by the jury was that Ms. Tate, the witness, allegedly threatened the Defendant and his elderly mother over

GOVERNMENT'S SUPPLEMENTAL BRIEF ON BEST EVIDENCE RULE AND OPPOSITION TO MOTION FOR MISTRIAL

3

the return of Ms. Tate's investment.  The jury did not hear any specifics about the threat Ms. Tate mentioned in passing, and thus this testimony about a letter and a threat carries relatively little prejudice, if any.  Therefore, a curative instruction to the jury to disregard Ms. Tate's testimony about the contents of a letter she received is sufficient to cure the erroneous violation of the best evidence rule.

**B.    The Court Should Deny Defendant's Motion for Mistrial.**

Courts have the power to declare a mistrial when "taking all circumstances into consideration, there is a manifest necessity for the act, or the ends of justice would otherwise be defeated."  *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980) (cleaned up).  In most instances, when inadmissible evidence is heard by the jury, a cautionary instruction from the judge is sufficient to cure any prejudice to the defendant.  *Id.* Only when a judge determines that a cautionary instruction cannot cure the prejudicial effect of an error is a mistrial appropriate.  *United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998).  To determine the degree of prejudice suffered, the court looks to "the probative force of the inadmissible evidence . . . compared with that of the admissible evidence."  *United States v. Johnson,* 618 F.2d 60, 62 (9th Cir. 1980).

The Ninth Circuit has held that curative instructions have been sufficient to cure prejudicial testimony such as that a defendant "had been involved in different types of criminal activity" and testimony that a defendant "was a member of the Hitler youth."  *See, e.g., United States v. Nunez-Inzunza*, 41 F. App'x 124 (9th Cir. 2002); *United States v. Pilaski*, No. 88-1087, 1989 U.S. App. LEXIS 23162, 1989 WL 46753, at *3 (9th Cir. Apr. 27, 1989).

Before declaring a mistrial, the court must hear the opinions of the parties about whether a mistrial is proper; consider alternatives to a mistrial; and act deliberately rather than abruptly.  *See* United *States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008) (considering whether a judicial finding of manifest necessity compelled a mistrial).

Here, the only arguably inadmissible testimony was a brief mention by a witness that she had received an email in which the defendant or his mother accused *her* of threatening *him*.  Defense counsel did not object when the testimony was given.  Rather, the Court inquired as to whether the best evidence rule applied.  No exhibit has been shown to the jury.  The government was unable to find a case in which a mistrial was granted based upon a violation of the best evidence rule.

The evidence, on its face, is not even prejudicial to Defendant.  Instead, the elicited evidence was that the testifying witness may have been threatening.  The Court demonstrated frustration toward the government on the record, in front of the jury, for eliciting the evidence.  Accordingly, there is minimal, if any, prejudicial impact to the Defendant from the jury having heard the evidence.  Nor is it evidence of such weight that a jury would not be able to follow the judge's curative instruction.

The Ninth Circuit has found that curative instructions were sufficient to cure far more prejudicial testimony, such as a defendant being a member of the Hitler youth, or committing numerous, uncharged criminal acts.

Finally, it is worth noting that the statement in the letter, and the entire letter itself, is independently admissible by the Government, though the Government does not seek to admit it.  Ms. Tate could lay the foundation for admission of the document and authenticate it.  There are no issues with hearsay when offered by the Government, as the statements in the letter are false, and they are offered to show false representations made to Ms. Tate.  *See United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985) (finding that false representations made to investors were not hearsay because their probative value is independent of their truth).  Further, the letter is signed by Leonard Chartraw, the alias that Defendant used to conduct his business dealings and thus does not constitute hearsay under Fed. R. Evid. 801(d)(2) were the government to offer the letter as evidence.

Defendant cannot complain that it is a manifest injustice that the jury heard evidence potentially damaging to a government witness, nor can he complain that there is a manifest injustice when he has in his possession the original document, and is able to cross-examine the witness about the statement.

Regardless, a curative instruction is sufficient to remedy the error, if any, in introducing the evidence through a witness' testimony.

//
//
//
//
//
//

IV.    **CONCLUSION**

The government does not oppose the Court striking the testimony about the letter and issuing a curative instruction.

Dated:  June 14, 2026

ERIC GRANT
United States Attorney

By:  /s/ JESSICA DELANEY

JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys

GOVERNMENT'S SUPPLEMENTAL BRIEF ON BEST
EVIDENCE RULE AND OPPOSITION TO MOTION FOR
MISTRIAL

6